IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     22-cr-00105-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALESHA LAPP,

       Defendant.

---

**UNOPPOSED MOTION FOR 60-DAY ENDS OF JUSTICE CONTINUANCE
AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**

---

ALESHA LAPP, through the Office of the Federal Public Defender, and undersigned counsel Assistant Federal Public Defender Jennifer Beck, hereby moves this Honorable Court for an Order excluding sixty (60) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline (today, May 23, 2022), the Final Trial Preparation Conference (June 23, 2022), and the trial date (June 27, 2022). Ms. Lapp, nor the government, opposes this Motion.

**I.**     **Statement of relevant facts.**

On March 23, 2022, an Indictment was filed against Ms. Lapp, charging her with one count of Theft of Mail by a Postal Employee, in violation of Title 18, United States Code, Section 1709. Doc. No. 1. Ms. Lapp was summoned to court and appeared for her initial appearance, arraignment, discovery conference, and detention hearing on May 2, 2022. Doc. No. 4. Ms. Lapp was released on bond that day. Doc. Nos. 4, 7, 8. Then, on May 4, 2022, this Court scheduled trial for June 27, 2022. Doc. No. 11. Pretrial motions are due today, May 23, 2022. *Id.*

Counsel has acted diligently since entering her appearance in the case. Counsel has reviewed all discovery, met with Ms. Lapp to review it, consulted with the government about a potential resolution of the case, and requested records relevant to investigation, trial, and sentencing. However, undersigned counsel needs more time with Ms. Lapp to discuss her options so she can intelligently weigh her choices between going to trial and accepting a plea bargain. Today's motion filing deadline and upcoming trial date do not afford her enough time to be adequately prepared to make a choice between litigating pretrial issues or proceeding to trial. Counsel also needs more time to 1) evaluate, analyze, and research any potential suppression issues, 2) investigate potential defenses, 3) interview non-law enforcement witnesses, 4) receive potentially mitigating records, and 5) continue to consult with the government about a possible resolution of the case short of trial. These tasks cannot be completed by the current deadlines and trial date.

Undersigned counsel anticipates being able to accomplish all of the outstanding tasks within 60 days; therefore, Ms. Lapp requests a 60-day ends of justice continuance and a continuance of the motions filing deadline.

Assistant U.S. Attorney Thomas Minser does not oppose this request.

**II.    The ends of justice served by a 60-day continuance outweigh the interests in a speedy trial.**

Ms. Lapp moves for a 60-day continuance of the trial in this case, extension of the deadline to file motions, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

2

speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether or not to make such a finding, the Court is to consider the following factors that are applicable in this case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue.  These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

As described above, defense counsel has acted diligently since appearing in this case.  However, more time is needed to complete the above-mentioned tasks.

3

Undersigned counsel believes that the requested 60-day extension would serve the requested purpose and allow for the completion of the aforementioned tasks, as well as the necessary preparation for trial and/or negotiation with the government.

Undersigned counsel discussed the need for a continuance of the pretrial motions deadline and the trial with Assistant U.S. Attorney Thomas Minser; he does not oppose the request. Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 60-day continuance.

As discussed above, the 60-day continuance request is calculated to allow defense counsel enough time to adequately investigate the case, research pretrial motions issues, and properly and effectively advise Ms. Lapp about the pros and cons of filing any motions, the benefits of a potential plea bargain, and the risks of going to trial.

If the requested continuance is denied, however, Ms. Lapp will not be able to effectively litigate pretrial issues, present a defense at trial, or weigh the decision between a plea bargain and a trial. No amount of diligent work can insure effective assistance of counsel as contemplated by the current speedy trial timeframe.

WHEREFORE, ALESHA LAPP, by and through counsel, moves for a 60-day ends of justice continuance of trial and to extend the deadline for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Thomas Minser, Assistant United States Attorney
Email: Thomas.minser@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Alesha Lapp (Via U.S. Mail)

       s/ Jennifer Beck
       JENNIFER BECK
       Assistant Federal Public Defender
       633 17th Street, Suite 1000
       Denver, CO  80202
       Telephone:  (303) 294-7002
       FAX:  (303) 294-1192
       Jennifer_Beck@fd.org
       Attorney for Defendant