IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:22-cr-00105-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALESHA LAPP,

      Defendant.

---

## ORDER GRANTING MOTION TO CONTINUE

Before the Court is Defendant Lapp's unopposed motion to continue the trial date in this case by sixty days, and to exclude that period of delay when computing the time within which her trial must commence under the Speedy Trial Act. (Doc. 13.) For the following reasons, the Court finds that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, Defendant's motion is granted.

## PROCEDURAL HISTORY

On March 23, 2022, an indictment was filed as to the Defendant. (Doc. 1.) Defendant appeared on a summons and had her initial appearance in this court on May 2, 2022. (Doc. 4.) She was arraigned on May 2, 2022 and entered a plea of not guilty. (*Id.*) Her May 2, 2022 arraignment made July 11, 2022 the deadline for her trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

On May 23, 2022, Defendant filed the motion to continue currently before the Court. (Doc. 13.) The government does not oppose the requested continuance. (*Id.* ¶ 1.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendant requests a continuance for the following reasons: (1) counsel requires more time to review and analyze the discovery disclosed by the government to date; (2) counsel requires more time to investigate potential defenses; (3) counsel requires more time to interview non-law enforcement witnesses; (4) counsel requires more time to receive potentially mitigating records; (5) counsel requires more time to negotiated with prosecutors. (Doc. 13 at 2.)

The Court finds that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Defendant and her counsel have not been diligent in preparing for trial. It also

appears likely that the continuance, if granted, would accomplish Defendant's stated purpose of allowing adequate time to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendant might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial, or to knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendant's best interest to have sufficient time to complete necessary pretrial tasks and discuss her case with her attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendant's interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant the

reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Sixty days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant's Unopposed Motion for Ends of Justice Continuance (Doc. 13) is GRANTED;

Sixty (60) days, from June 10, 2022 to August 9, 2022, will be excluded from the computation of Defendant Alesha Lapp's Speedy Trial Act time;

The four-day jury trial set for June 27, 2022 is VACATED AND RESET for August 15, 2022, and the Trial Preparation Conference set for June 23, 2022 is VACATED AND RESET for August 10, 2022 at 1:30; and

All pretrial motions must be filed no later than August 1, 2022, responses to those motions must be filed no later than August 8, 2022, and no replies will be permitted without prior leave of the Court. Prior to filing any discovery motion, counsel for the moving party or a pro se

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by the government's counsel.

party must confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they may file a motion titled "Unopposed Motion for _____," and must file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party must describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down.

DATED: June 10, 2022                    BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge