IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:22-cr-00105-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ALESHA LAPP,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Thomas Minser Assistant United States Attorney for the District of Colorado, and the defendant, ALESHA LAPP, personally and by counsel, Jennifer Beck, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A.  Defendant's Plea of Guilty:**

The defendant agrees to:

(1)    plead guilty to Count 1 of the Indictment charging a violation of Title 18 of the United States Code section 1709, theft of mail by a postal employee; and

(2)    waive certain appellate and collateral attack rights, as explained in detail below.



COURT EXHIBIT
1
22-cr-00105

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to recommend a sentence **of 24 months of probation.** The government further agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

**C. Defendant's Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)  the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 1709;

(2)  the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of **12**; or

(3)  the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack

2

(including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of Count 1 are as follows:

**First**: The Defendant was a Postal Service employee at the time alleged in the Indictment;

3

**Second**: As a Postal Service employee, the Defendant had been entrusted with the mail matter described in the Indictment, which mail matter was intended to be conveyed by mail; and

**Third**: The Defendant embezzled that the mail matter described in the Indictment.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than 5 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and $100 mandatory assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

*On September 14, 2021, law enforcement conducted surveillance of the defendant, United States Postal Service employee ALESHA LAPP, and determined she opened and removed a*

4

*prescription pill bottle from a parcel that she was entrusted to deliver. Specifically, a test parcel was prepared by law enforcement and sent First Class mail to L.J. at 2095 Blue Sky Circle Erie, Colorado. The test parcel also contained a prescription pill bottle with 50 pills identified as Oxycodone, but were in actuality Vitamin C tablets, along with a device that would alert investigators when the pill bottle was opened.*

*LAPP, a mail carrier, was given the test package to deliver on her postal route in Weld County, Colorado. Shortly after she left the postal facility, law enforcement received notification that the package and pill bottle had been opened. Law enforcement then stopped LAPP, discovered the open test parcel, and took her into custody. During a subsequent interview, LAPP admitted to opening the test parcel to steal the pill bottle and its contents. LAPP also admitted to removing one of the tablets from the bottle, which investigators later recovered inside the postal vehicle she was using.*

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. Although the government is obligated to make the sentencing recommendation as set forth in the Agreement section above, the parties understand that the government also has an

independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

### The Government's Guideline Calculation

(1)   The base guideline is **12** pursuant to § 2B1.1(c)(1) and the cross-reference § 2D1.1.

(2)   **+2** for the role in offense adjustment for abuse of a position of trust pursuant to § 3B1.3.

(3)   The adjusted offense level is **14**.

(4)   Defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility. § 3E1.1(a).

(5)   The resulting total offense level is **12**.

(6)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

(7)   The advisory guideline range resulting from these calculations is **10-16 months of imprisonment**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

(8)   Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be **$5,500 to $55,000** plus applicable interest and penalties.

(9)   Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term **at least 1 year but not more than 3 years**.

### Ms. Lapp's Guideline Calculation

(1)   The base offense level for this offense is **6**. § 2B1.1(a)(2).

(2)  +2 for the role in offense adjustment for abuse of a position of trust pursuant to § 3B1.3.

(3)  The adjusted offense level is **8**.

(4)  Defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility. § 3E1.1(a).

(5)  The resulting total offense level is **6**.

(6)  The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

(7)  The advisory guideline range resulting from these calculations is **0-6 months of imprisonment**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 0 months (bottom of Category I) to 18 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

(8)  Pursuant to § 5E1.2, for Count 1 of the information, assuming the estimated offense level of **6**, the fine range for this offense would be **$1,000 to $9,500** plus applicable interest and penalties.

(9)  Pursuant to § 5D1.2, for Count 1 of the information, if the Court imposes the term of supervised release, that term shall be **at least 1 year but not more than 3 years**.

/ / /

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

Date: 10/11/2022

ALESHA LAPP
Defendant

Date: 10/11/2022

Jennifer Beck
Attorney for Defendant

Date: 9/12/2022

Thomas Minser
Assistant U.S. Attorney