IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    22-cr-00105-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALESHA LAPP,

       Defendant.

---

### OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

---

ALESHA LAPP, by and through counsel, Assistant Federal Public Defender Jennifer Beck, hereby responds to the Presentence Investigation Report (PSIR) (Doc. No. 24) as follows:

### **OBJECTIONS NOT AFFECTING THE GUIDELINE RANGE**

**Recommended Special Condition 5 – "Search Condition":** Ms. Lapp objects to the United States Probation Office's recommendation of a "search condition", which reads:

> You must submit your person, property, vehicle, house, residence, papers, or office, to a search conducted by a United States probation officer.  Failure to submit to search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.[1]

Imposition of conditions of supervised release is governed by Title 18, United States Code, Section 3583(d). That Section provides that the Court may order a special condition of supervised release, provided such condition:

---

[1] Doc. No. 24-1, p. R-3.

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D) [the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs];
>
> (2) involves *no greater deprivation of liberty than is reasonably necessary* for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).[2]

Interpreting this Section, the Tenth Circuit requires "conditions of supervised release to be linked to the offense and be no broader than necessary to rehabilitate the defendant and protect the public."[3]  The Circuit has also cautioned courts against the improper delegation of their authority.[4] "In an improper-delegation challenge to a supervised-release condition, [courts] distinguish between permissible delegations that merely task the probation officer with performing ministerial or support services related to the punishment imposed and impermissible delegations that allow the officer to decide the nature or extent of the defendant's punishment."[5]  "This inquiry turns on the liberty interest affected by the probation officer's discretion."[6]  Moreover, "any condition that affects a significant liberty interest… must be imposed by the district court and supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish sentencing goals."[7]

Here, the Probation Office asserts such a search condition is "recommended based on the nature of the defendant's conduct in the instant offense" and that the condition would "control[ ]

---

[2] 18 U.S.C. § 3583(d) (emphasis added).
[3] *See United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010).
[4] *United States v. Cabral*, 926 F.3d 687 (10th Cir. 2019).
[5] *Id*., at 697 (internal citation omitted).
[6] *Id*.
[7] *United States v. Mike,* 632 F.3d 686, 696 (10th Cir. 2011).

risk posed by the offender". The Probation Office goes on to argue that "this level of deterrence can also act as a measure of protection for the officer." However, this is Ms. Lapp's first ever criminal conviction. There is no reason to believe Ms. Lapp will reoffend and or that she needs a search condition for its deterrent effect. The offense did not involve a weapon or violence. There is no reason to believe that Ms. Lapp poses a safety risk to any probation officer. The Court should reject the proposed special condition because it involves a greater deprivation of liberty than reasonably necessary.[8]

## OBJECTION AFFECTING THE GUIDELINE RANGE

**Paragraphs 18-20: Misapplication of Cross Reference to U.S.S.G. § 2D1.1**

In Paragraphs 18-20, the United States Probation Office erroneously states that United States Sentencing Guideline Section 2D1.1 should be cross-referenced to calculate Ms. Lapp's offense level. It cites Section 2B1.1(c)(1), which states: "if (A) a […] controlled substance was taken, or the taking of any such item was an object of the offense […] apply Section 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses)". However, the item that Ms. Lapp took was Vitamin C, not a controlled substance and a controlled substance was not an object of the offense. If the Sentencing Commission wanted to punish an offender for what they believed they were taking rather than what they actually took, the Commission would have so stated. Additionally, Ms. Lapp didn't take the Vitamin C to commit any of the 2D1.1 crimes (Manufacturing, Importing, Exporting, or Trafficking, or Possession with Intent to Commit These Offenses). She took the pills because she was addicted to opiates.

---

[8] *See* 18 U.S.C. § 3582(d)(2) and *United States v. Cabral*, 926 F.3d 687 (10th Cir. 2019).

Finally, the policy reasons for applying this cross reference are not served by applying it in this case. The guidelines clearly wish to more severely punish theft of firearms or controlled substances because the theft of those items are more dangerous than theft of non-dangerous items. Where, as here, the item taken was not inherently dangerous, there is no reason to believe that the Sentencing Commission intended for the guideline to be cross referenced.

## **CONCLUSION**

If the Court rejects the guideline range erroneously estimated by the government and United States Probation Office, Ms. Lapp's base offense level is 6 and the total offense level, after the acceptance of responsibility is taken into account, is 6. With a criminal category of I, Ms. Lapp's resulting imprisonment guideline is 0-6 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Thomas Minser, Assistant United States Attorney
Email: Thomas.Minser@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Alesha Lapp (Via U.S. Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant