IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:22-cr-00105-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.      ALESHA LAPP,

       Defendant.

---

**THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT [ECF 27]**

---

The United States of America, by and through the undersigned Assistant United States Attorney, responds to the defendant's objections to the presentence investigation report (PSR) [ECF 27].

## I.    The base offense level as calculated in paragraphs 18-20 of the PSR is correct

The defendant argues the PSR improperly applied the cross-reference pursuant to U.S.S.G. § 2B1.1(c)(1) because "the item Ms. Lapp took was Vitamin C, not a controlled substance and a controlled substance was not an object of the offense." ECF 27 at 3.  However, her argument is without merit.

Section 2B1.1(c)(1)(A) states the cross-reference should be applied if "a firearm, destructive device… or controlled substance was taken, *or the taking of any such item was an object of the offense*." Here, the defendant admits she embezzled the test package's contents because she believed the pills inside were Oxycodone. *See* ECF 31 ¶¶ 8-13; *see also* ECF 27 at 3 ("She took the pills because she was addicted to opiates"). Thus, the "object" of the offense

was to unlawfully take a controlled substance from the mail, and her conduct fits squarely within § 2B1.1(c)(1)(A)'s cross-reference directive.

Once within the purview of § 2D1.1, simulated controlled substances are treated as though they are the actual narcotic for purposes of calculating the base offense level, because the fact a defendant received or possessed a fake substance does not affect their intent to obtain the genuine article. *See United States v. Sanders*, 979 F.2d 87, 93 (7th Cir.1992) (rejecting defendant's argument that he could not be sentenced based on a quantity of fake cocaine because he intended to receive a controlled substance); *see also United States v. Caban*, 173 F.3d 89 (2d Cir. 1999) (holding the defendant could be sentenced based upon a quantity of fake narcotics he stole from police during a reverse sting operation). Further confirmation of reasoning is found within the guideline itself, where it specifically states "counterfeit" substances, as defined by 21 U.S.C. § 802(7), are to be treated the same as controlled substances for the purposes of calculating the offense level. *See* U.S.S.G. § 2D1.1, cmt. n. 4.

Accordingly, since the defendant intended to steal Oxycodone in the current case, the PSR properly applied § 2D1.1 to determine the applicable guideline range, and her objection should be overruled.

**II.**     **The search condition is appropriate in light of the underlying offense**

The defendant used her position as a postal worker to steal prescription narcotics from the mail. ECF 31 ¶ ¶ 8-13. Based upon this, the government believes the search condition is appropriate and reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1) and (a)(2)(B). Although the defendant claims it is a "greater deprivation than reasonably necessary," her liberty interests are diminished while serving a sentence. *Cf. United States v. Knights*, 534 U.S. 112, 119 (2001) ("[P]robationers do not enjoy the absolute liberty to which every citizen is

entitled."). Further, the search condition is still limited, as it requires reasonable suspicion that

the defendant violated a condition of supervision *and* that the areas to be searched contain

evidence of the violation. Or to put it a different way, if the defendant obeys the rules of her

sentence, the search condition will not be an issue and she has little to worry about.

Therefore, in light of the defendant's actions, the search condition is appropriate and her

objection should be overruled.[1]

Dated:   January 5, 2023

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:      /s/ *Thomas Minser*
THOMAS MINSER
Assistant United States Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Phone:  (303) 454-0203
Fax:  (303) 454-0405
E-mail: Thomas.Minser@usdoj.gov
Attorney for the United States

### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, I electronically filed the foregoing **THE GOVERNMENT'S RESPONSE TO THE DEFENANDANT'S OBJECTIONS TO THE PRESENTENCE REPORT [ECF 27]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: *s/ Deana Ambrosen*
Legal Assistant
United States Attorney's Office

---

[1] I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).